UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY ELLIS,<br><br>    Plaintiff(s),<br><br>  v.<br><br>CITY OF PITTSBURG, ET AL.,<br><br>    Defendant(s).<br>_____/ | Case No. C09-02173 JCS<br><br>**ORDER DISMISSING AMENDED COMPLAINT** |

On September 1, 2009, Plaintiff Donald Ray Ellis filed an amended complaint in the above-captioned matter. The Court concludes that the allegations in the complaint fail to state any cognizable claim and therefore DISMISSES the complaint with prejudice under 28 U.S.C. § 1915(e)(2) (requiring court to sua sponte dismiss a case when it is frivolous or fails to state a claim upon which relied can be granted). *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Where a plaintiff is proceeding in *pro per*, the court must construe the complaint liberally. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F. 2d 621, 623 (9th Cir. 1988). Nonetheless, the complaint must be sufficient to place defendants on notice of the nature of the claims asserted against them. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Here, Plaintiff fails to meet that standard. Plaintiff names individual defendants and the date of the alleged violations of his civil rights; however, he has not identified any claims for relief nor has he alleged any conduct on the part of the Defendants that could form the basis of a civil rights claim. Plaintiff repeats the vague allegation that defendants are liable for unspecified civil rights violations due to "use of an under-ground railroad racial movement in their conduct on 8-1-2008 in the City of Pittsburg location Andrew St by Officer Josh Reddoch and on 8-4-2008 Location City of Pittsburg Carpino Ave." *See* First Amended Complaint. In its order dated June 9, 2009 (and served on Plaintiff again on August 31, 2009) the Court instructed Plaintiff to "clearly identify the specific conduct that forms the basis of his claims, any alleged basis for this Court's jurisdiction, the legal theory or theories under which he seeks relief, as

well as the names of the defendants who are being sued and the relief he seeks.  *See* Federal Rule of Civil Procedure 8(a)." Plaintiff has failed to identify any claims for relief or conduct that could form the basis of a cognizable claim.

The case is therefore DISMISSED.  The Clerk shall close the file.

IT IS SO ORDERED.

Dated: September 15, 2009

_____
JOSEPH C. SPERO
United States Magistrate Judge

2